IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| M.R., *by and through her parents, N.R. and A.R., et al.*, | |
| Plaintiffs, | Civil Action No.: TDC-17-3836 |
| v. | |
| AZIN TAJDAR, | |
| Defendant. | |

## MEMORANDUM OPINION

On May 16, 2019, Plaintiffs M.R., a minor child, and her parents, A.R. and N.R., (collectively "Plaintiffs") filed a Motion to Quash (the "Motion") seeking to suppress a subpoena Defendant Azin Tajdar issued to non-parties. ECF No. 38. Pursuant to 28 U.S.C. § 636 and Local Rules 301 and 302, this matter was referred to this Court by the Honorable Theodore D. Chuang for all discovery and related scheduling matters. ECF No. 34. The Court has reviewed the Motion, the opposition thereto, the related memoranda, and the applicable law. No hearing is deemed necessary. *See* Loc. R. 105.6 (D. Md.). For the reasons stated herein, the Court **GRANTS** Plaintiff's Motion in part and **DENIES** Plaintiffs' Motion in part. A separate order shall issue.

I. **Procedural Background**

On December 29, 2017, Plaintiffs filed the underlying civil action alleging that Defendant discriminated against Plaintiff M.R. ("M.R.") on the basis of her disability by failing to make a reasonable accommodation for M.R. at Defendant's home-based state-licensed day care facility

1

and subsequently dismissed her from the program. Pls.' Compl., ECF No. 1. Plaintiffs asserted claims under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181–12189 (2012). Pls.' Compl. ¶¶ 70–71. Plaintiffs later amended their complaint, adding claims under the anti-discrimination provisions of the Maryland Code as well as for common law negligence. Pls.' Am. Compl. ¶¶ 76–78 (Mar. 26, 2018), ECF No. 13. On November 19, 2018, Judge Chuang partially granted Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), eliminating Plaintiffs' claims for damages under the ADA, all of Plaintiffs' Maryland statutory claims, and the claims for common law negligence. Order, Chuang, J., ECF No. 21. Defendant subsequently filed her answer in which she denied the allegations raised against her. Def.'s Answer (Nov. 27, 2018), ECF No. 22.

On April 2, 2019, Defendant served by certified mail a subpoena on Potomac Pediatrics and Dr. Caren Glassman,[1] non-parties to the underlying matter. *See* Cover Letter and Subpoena Duces Tecum, Opp'n of Def. ("Def.'s Opp'n"), ECF No. 38-2, Ex. 2. Dr. Glassman is M.R.'s treating pediatrician at Potomac Pediatrics. Pls.' Mem. 2. In the subpoena, Defendant sought:

> [A]ll records, films, and bills for [M.R.] in your possession or control, including but not limited to the following: 1) All patient information forms; 2) Patient questionnaires; 3) Nurse's notes; 4) Doctor's notes; 5) Doctor's and nurse's orders; 6) Laboratory and prescription records; 7) Consultation records; 8) History and physicals; 9) All x-rays, MRIs, CT scans, and any and all other radiological and/or radiographic diagnostic imagery; 10) All reports of x-rays, MRIs, CT scans, and any and all other radiologic/radiographic diagnostic imagery; 11) All bills, invoices, statements, and payments; and 12) The complete chart pertaining

---

[1] For reasons that are not clear to the Court, Defendant refers to Dr. Glassman as "Dr. Glasnee" despite having addressed her subpoena to "Dr. Glassman." *See* Def.'s Opp'n, Ex. 2 at 8. The Court deems this to be a drafting error and not an indication that there is another pediatrician who was responsible for M.R.'s care or some dispute over her correct name. Accordingly, the Court will refer to M.R.'s pediatrician as "Dr. Glassman."

2

> to any and all medical treatment rendered from January 1, 2003, up to and
> including the present date.[2]

Def. Opp'n, Ex. 2 at 5–6. On April 3, 2019, Defendant's counsel notified Plaintiffs' counsel of the subpoena. Def.'s Mem. 4; Pls.' Mem. 7. On April 9, 2019, counsel for all parties held a telephone conference and discussed discovery issues relating to the case. Pls.' Mem. 6–7. At that time, Plaintiffs' counsel "raised concern about the subpoena at issue, a discussion followed, and [Plaintiffs'] counsel advised [Defendant's] counsel of plans to file a motion to quash." *Id.* at 7 (emphasis omitted). On April 12, 2019, Defendant's counsel notified Plaintiffs' counsel that Potomac Pediatrics had produced and delivered the requested medical records to Defendant's counsel's office the day before. *Id.* Plaintiffs requested Defendant's counsel return the documents until their concerns regarding the subpoena were resolved. *Id.* Defendant's counsel complied with that request. *Id.* On May 16, 2019, Plaintiffs filed this Motion.

## II. Discussion

### A. Standing

As a threshold matter, this Court must determine whether Plaintiffs have demonstrated they have standing to challenge Defendant's subpoenas issued to third parties. The Fourth Circuit has held that "[o]rdinarily, a party does not have standing to challenge a subpoena issued to a nonparty," however, a party may do so if it "claims some personal right or privilege in the information sought by the subpoena." *United States v. Idema*, 118 F. App'x 740, 744 (4th Cir. 2005). The Court notes that Defendant does not dispute that Plaintiffs have standing to file the present motion to quash. Further, it is undisputed that an individual has an interest in the personal information contained in her medical records. *See Mezu v. Morgan State Univ.*, Civ.

---

[2] Surprisingly, M.R. was not born until 2014, yet Defendant seeks pediatric records from 2003. Accordingly, the Court orders Defendant's request limited to the period 2014 to present.

No. WMN-09-2855, 2011 WL 5110269, at *2 (D. Md. Oct. 25, 2011), aff'd, 495 F. App'x 286 (4th Cir. 2012) (noting that a party might not have standing to challenge a subpoena seeking a third party's medical records, but not questioning whether the third party has standing to challenge the subpoena of her own records). Accordingly, the Court finds Plaintiffs have standing to bring this Motion.

### B. Motion to Quash Subpoena

Turning to the merits of the Motion, Plaintiffs argue that the requested medical records contain "no information" relating to Plaintiffs' claims of discrimination or Defendant's defenses. Pls.' Mem. 3–4. Plaintiffs assert that M.R.'s autism diagnosis is the only health issue relevant to the case and that they have turned over all information pertaining to the diagnosis, that Dr. Glassman was not the provider who made the diagnosis, and that any additional medical information would be beyond the scope of this litigation. *Id.* at 3–4. Plaintiffs also assert a general claim that the information requested is highly sensitive information that is "privileged and protected." *Id.* at 1.

Defendant argues that the requested records contain relevant information to defend from the allegations of discrimination. Def. Opp'n 5. While Defendant admits that she "observed elements of developmental delay while caring for M.R. and expressed concerns thereof to M.R.'s parents," Defendant asserts that she was not aware of M.R.'s diagnosis and was not provided with any information confirming her diagnosis. *Id.* at 3, 5. In her opposition, Defendant includes documents that she states indicate that Dr. Glassman completed a medical form giving M.R. a "clean bill of health" just prior to M.R.'s diagnosis of autism. *Id.* at 6. Defendant argues that, in a case concerning a child's medical condition, the child's treating pediatrician's records are "clearly discoverable as relevant to the defense . . . ." *Id.* Defendant also asserts that the

4

records likely contain M.R.'s medical history as relayed by her parents, which Defendant argues could include "parental behavioral observations, statements regarding daycare issues, other health care providers, and a potential array of information relevant to assessing [M.R.'s] claimed disability." *Id.*

The Federal Rules of Civil Procedure govern the scope of discovery: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Accordingly, it is "relevance and not admissibility" that determines whether a matter is discoverable. *Herchenroeder v. Johns Hopkins Univ. Applied Physics Lab*., 171 F.R.D. 179, 181 (D. Md. 1997). "Relevance is not, on its own, a high bar." *Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 188 (4th Cir. 2019). "Information sought need only 'appear[ ] [to be] reasonably calculated to lead to the discovery of admissible evidence' to pass muster." *CX Reinsurance Co. Ltd. v. City Homes, Inc.*, Civ. No. JKB-17-1476, 2018 WL 5080944, at *2 (D. Md. Oct. 18, 2018) (quoting *Innovative Therapies, Inc. v. Meents*, 302 F.R.D. 364, 377 (D. Md. 2014)). However, "the simple fact that requested information is discoverable under Rule 26(a) does not mean that discovery must be had." *Nicholas v. Wyndham Int'l Inc.*, 373 F.3d 537, 543 (4th Cir. 2004). What is discoverable is limited by the requirement of "[p]roportionality[,] [which] requires courts to consider, among other things, 'whether the burden or expense of the proposed discovery outweighs its likely benefit.'" *Jordan*, 921 F.3d 180, 188–89 (citing Fed. R. Civ. P. 26(b)(1)).[3]

---

[3] What is considered a "burden" is not necessarily limited to the amount of time or resources complying with a request might require. "For example, a subpoena may impose a burden by invading privacy or confidentiality interests." *Jordan*, 921 F.3d at 189.

Per Federal Rule of Civil Procedure 45(d)(3)(A)(iii), "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii). Waiver occurs when a party raises the privileged or protected issue as part of a claim or defense. *See Todd v. XOOM Energy, LLC*, No. GJH-15-00154, 2018 WL 5081156, at *3 (D. Md. Oct. 18, 2018) (holding a plaintiff did not consent to the release of her medical records "either expressly or implicitly by waiving her rights through the filing of the suit" as her claims alleged deceptive and fraudulent advertising, "claims do not involve her medical condition, and [plaintiff] has not injected medical issues into the litigation thus far"); *see also Cappetta v. GC Servs. Ltd. P'ship*, 266 F.R.D. 121, 124 (E.D. Va. 2009) ("The Court must determine which, if any, privileges preclude production of the records sought; whether [a plaintiff] has waived any otherwise applicable privileges either by putting her emotional or physical condition at issue or by producing privileged documents; and finally, the extent to which the records sought are relevant."). "Courts may consider the interests of the recipient of the subpoena, as well as others who might be affected. The text of Rule 45 makes that clear, encompassing burdens on any 'person,' not just the recipient of the subpoena." *Jordan*, 921 F.3d at 189–90 (citing Fed. R. Civ. P. 45(d)(3)(A)(iv)). However, "objections to discovery based on claims of privilege must be made with specificity." *Adams v. Sharfstein*, Civ. No. CCB-11-3755, 2012 WL 2992172, at *3 (D. Md. July 19, 2012) (denying a non-party's objections that a defendant's requests for medical records were privileged as the objections were not specific but rather general and made "in boilerplate fashion").

1. **Scope of Discovery**

Defendant's subpoena seeks two categories of records in Potomac Pediatrics' possession: M.R's medical treatment records and medical billing records. Def.'s Opp'n, Ex. 2 at 5–6. Beginning with the medical treatment records, the Court finds these to be relevant to the issues remaining in the case. First, where a claim involves a party's medical condition, that party's medical history is relevant to the case. *See Todd*, 2018 WL 5081156, at *3 (noting that the situation at issue did not involve a party raising a claim involving her medical condition and therefore that condition and the party's medical history were not relevant). Here, it is undisputed, even by Plaintiffs, that by bringing this lawsuit they raised the issue of M.R. medical disability. *See* Pls.' Mem. 3. While Plaintiffs argue the only matter at issue is M.R.'s autism, by bringing this ADA claim they have opened up M.R.'s medical history to discovery. *See Butler v. Burroughs Wellcome, Inc.*, 920 F. Supp. 90, 92 (E.D.N.C. 1996) ("In an action under the ADA, a plaintiff's medical history is relevant in its entirety."). Unlike the situation in *Todd*, M.R.'s medical condition is at the center of the litigation. Second, Plaintiffs admit that M.R.'s parents "became concerned" about M.R.'s behavior in group settings in October 2016. Pls.' Mem. 2. Defendant acknowledges that she "observed elements of developmental delay while caring for M.R." Def.'s Mem. 5. Defendant shared her observations with M.R.'s parents, who then met with Dr. Glassman. Pls.' Mem. 2. However, Defendant included documentation that shows that M.R.'s parents completed forms in January 2017 in which they indicate M.R. had "no problem[s]" in areas including "Behavioral or Emotional," "Communication," or "Developmental Delay." *See* "Health Inventory," Def.'s Opp'n, Ex. 1. Dr. Glassman also completed a form on February 7, 2017 indicating that M.R. was "within normal limits" in a variety of health areas, including "Behavior/Adjustment," "Development," and Psychosocial."

*Id.* M.R. was officially diagnosed with autism around that same time. Pls.' Mem. 3. Considering the date these forms were completed and their proximity to the date M.R. was ultimately diagnosed with autism, information contained in the medical records surrounding the physical examination Dr. Glassman conducted on M.R. in order to complete the February 7, 2017 assessment as well as Dr. Glassman's general observations and treatment of M.R. is relevant.

Turning to the second category of documents requested, the Court is not persuaded that M.R.'s medical bills have any relevance to the issues. In his decision, Judge Chuang dismissed Plaintiffs' claims for damages under the ADA. *See* ECF No. 21. Defendant has not offered any additional justification for why M.R.'s medical bills would have any bearing on the truth or veracity of Plaintiffs' remaining ADA claims. Accordingly, the Court will modify Defendant's requests to eliminate the requirement that the billing records be turned over at this time.

### 2. Privilege

In their Motion, Plaintiffs make general assertions that M.R.'s medical records contain private and sensitive information. However, Plaintiffs' Motion fails to identify what privilege they are asserting applies to the present situation. This fails to meet the requirement of objecting with specificity, which gives this Court sufficient grounds to deny Plaintiffs' Motion. *See Adams v. Sharfstein*, Civ. No. CCB-11-3755, 2012 WL 2992172, at *3 (D. Md. July 19, 2012). While Plaintiffs' Motion refers to Maryland confidentiality laws pertaining to medical records,[4] these laws are not applicable in this situation. The Court's jurisdiction in this matter arises from Plaintiffs' federal claims under the ADA, which are also all that remains of Plaintiffs' case after Judge Chuang's order granting in part and denying in part Defendant's motion to dismiss. ECF

---

[4] *See* Pls.' Mem. 4 (citing Md. Code. Ann., Health-Gen. I § 4-302).

No. 21. Therefore, Maryland statutes and "the privileges they establish are not applicable here because this lawsuit is governed by federal, rather than state, law." *A Helping Hand, LLC v. Baltimore Cty., Md.*, 295 F. Supp. 2d 585, 592 (D. Md. 2003) (holding that an action by operator of drug and alcohol treatment program alleging that county ordinance restricting establishment of methadone clinics violated ADA was governed by federal, rather than state, law, and thus state patient-psychotherapist privilege did not protect patient records from discovery in operator's federal court action); *see also Reigel v. Kaiser Found. Health Plan of N. Carolina*, No. 93-556-CIV-5-F, 1994 WL 660635, at *2 (E.D.N.C. Apr. 28, 1994) (holding "federal rules of privilege apply to [a] discovery dispute" raised under the ADA and that state rules "are irrelevant"). Further, "[t]he Federal Rules of Evidence do not recognize a physician-patient privilege where, as here, subject matter jurisdiction is based on federal law." *Helsabeck v. Fabyanic*, 173 F. App'x 251, 257 (4th Cir. 2006) (citing Fed. R. Evid. 501); *see also Adams*, 2012 WL 2992172, at *3 ("While federal law recognizes a psychotherapist-patient privilege, it does not recognize a physician-patient privilege where, as here, 'subject matter jurisdiction is based on federal law[.]'") (internal citations omitted). Accordingly, Plaintiffs' general assertion that the medical records are privileged or otherwise protected is without merit.[5] Assuming *arguendo* that M.R.'s medical records are privileged, Plaintiffs have waived any claim of privilege by placing M.R.'s disability or perceived disability at issue. *See Helsabeck*, 173 F. App'x at 257 (finding that even if state law applied, plaintiff waived that privilege by "putting his medical condition at issue"); *see also Todd*, 2018 WL 5081156, at *3.

---

[5] Although Plaintiffs' did not specifically reference them, while Federal HIPAA regulations impose confidentiality in medical records, they also "permit discovery of protected health information so long as a court order or agreement of the parties prohibits disclosure of the information outside the litigation and requires the return of the information once the proceedings are concluded." *A Helping Hand, LLC*, 295 F. Supp. 2d 585, 592.

9

### C. Notice

Lastly, Plaintiffs argue that this Court must quash the subpoena because Defendant failed to provide Plaintiffs with notice of the subpoena before serving it on non-parties. Pls.' Mem. 6. Plaintiffs assert that if Defendant had provided proper notice, "this dispute may have been avoided." *Id.*

Under the Federal Rules of Civil Procedure, before a party serves a *subpoena duces tecum*, it must serve "a notice and a copy of the subpoena . . . on each party." Fed. R. Civ. P. 45(a)(4). "The 'original purpose' of this notice requirement is to 'enable[e] the other parties to object or to serve a subpoena for additional materials.'" *Phillips v. Ottey*, Civ. A. No. DKC 14-0980, 2016 WL 6582647, at *4 (D. Md. Nov. 7, 2016) (citing Fed. R. Civ. P. 45 advisory committee's note to 2013 amendment). District courts have discretion in determining how to address subpoenas where notice was not provided to opposing counsel before they were served. *See In re Hornbeam Corp.*, 722 F. App'x 7, 11 (2d Cir. 2018); *see also Mayor & City Council of Baltimore v. Unisys Corp.*, Civ. No. JKB-12-614, 2013 WL 6147780, at *3 (D. Md. Nov. 21, 2013) (listing options available to courts for how to address subpoenas issued without notice). "While prior notice to the opposing party is required for a *subpoena duces tecum*, a court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." *Duke v. Performance Food Group, Inc.*, No. 14-60138, 2014 WL 6766708, *2 (5th Cir. Dec. 2, 2014); *see also Osborne v. Google, LLC*, No. 1:18 MC 40, 2019 WL 118598, at *3 (W.D.N.C. Jan. 7, 2019) (observing how some courts will "look[] to whether the opposing party has been prejudiced by the lack of required notice" and noting that "[d]istrict courts within the Fourth Circuit have reached similar conclusions"); *see, e.g.*, *Unisys Corp.*, 2013 WL 6147780, at *3 (denying motion to quash where opposing party did

not learn of non-party subpoena until three months after service because party suffered no prejudice). The burden rests with the moving party to show how the failure to provide notice before serving a subpoena prejudiced them. *Unisys Corp.*, 2013 WL 6147780, at *3 (Delayed service alone, however, is not a basis to quash a subpoena. The objecting party must also demonstrate prejudice.) (quotation marks and citation omitted); *see also In re Speer*, 754 F. App'x 62, 64 (2d Cir. 2019) (stating plaintiff "has not explained how [defendant's] purported failure—providing simultaneous, or nearly simultaneous, notice to [plaintiff] and the [non-party] banks, rather than advance notice to [plaintiff]—caused her any prejudice").

Here, Defendant avers—and Plaintiffs acknowledge—that notice was provided to Plaintiffs' counsel the day after Defendant served the subpoena. *See* Def.'s Opp'n 6 (stating Defendant served Plaintiffs' counsel by email the following day); Pls.' Mem. 1 (acknowledging receipt of notice on April 3, 2019, for a subpoena issued on April 2, 2019); *see also* Pls.' Mem. 6 (stating that notice was "sent contemporaneously" with the subpoena). However, Plaintiffs fail to present the Court with any evidence supporting their argument that they were prejudiced by this technical violation of Federal Rule 45. Plaintiffs had sufficient time to raise their objections to the requests and service itself by means of the instant Motion. Plaintiffs' assertion that more advanced notice could have avoided this dispute is unpersuasive. Pls.' Mem. 6. It is the nature of litigation that parties will disagree on the means by which they will resolve the claims raised in the litigation itself. As Plaintiffs were still able to bring this dispute to the attention of the Court in a timely fashion, they forfeited none of their rights to challenge the subpoena's request. *See Phillips*, 2016 WL 6582647, at *4 (denying a motion to quash as "concurrent notice did not prejudice [p]laintiff" as plaintiff was "able promptly to file [a] motion to quash prior to the production of any documents").

Further, the fact that Potomac Pediatrics and Dr. Glassman complied with the subpoena request before Plaintiffs could file the instant motion does not prove prejudice under these circumstances. The subpoena was accompanied by a cover letter that contained explicit language warning the recipient not to act upon it until notified that no challenges were raised to its request. *See* Def.'s Opp'n, Ex. 2. While the requested documents were delivered to Defendant without resolution of Plaintiffs' opposition, Plaintiffs acknowledge that Defendant notified them of that delivery the day after it happened. Pls.' Mem. 7. Further, and at Plaintiffs' request, Defendant returned the documents to Plaintiffs' counsel pending resolution of the instant motion, which at that time had not yet been filed.[6] *Id.* Additionally, more than a week passed between Plaintiffs receipt of notice and the delivery of the requested documents. Plaintiffs provide no indication that they contacted Potomac Pediatrics or Dr. Glassman to alert these non-parties of Plaintiffs' concerns about the subpoena.

Accordingly, the Court finds that this technical violation resulted in no prejudice to Plaintiffs and therefore it is inappropriate to quash the subpoena for that reason. *See Phillips*, 2016 WL 6582647, at *4; *see also Weckesser v. Knight Enterprises S.E., LLC*, No. 2:16-CV-2053-RMG, 2019 WL 2090098, at *2 (D.S.C. May 13, 2019) (holding that "even though [d]efendant's conduct was a technical violation of the rule, the Court finds it would be

---

[6] While Defendant does not argue the issue, the Court notes that a claim of privilege is not moot even when the disputed information has already been produced because the Federal Rules anticipate the very cooperation shown by Defendant in this case. *See Todd*, 2018 WL 5081156, at *3 (noting how, "under Rule 45(e)(2)(B), if 'information produced in response to a subpoena is subject to a claim of privilege,' the party that received the information 'must promptly return, sequester, or destroy the specified information and any copies it has' after notification of the privilege claim").

inappropriate to quash the subpoenas as there was no prejudice to [p]laintiff because he received over two weeks notice prior to the return date and was able to file a motion to quash").

### III. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion to Quash.


July 24, 2019                                        /s/
                                           Charles B. Day
                                           United States Magistrate Judge

CBD/clc